# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AN SM 1925 BROADWAY HOLDINGS, LLC, ) | Case No. 24-12710 (BLS) |
| ) | |
| Debtor. ) | |
| ) | **Objection Deadline: March 12, 2025** |
| ) | **at 4:00 p.m.** |
| ) | |
| ) | Hearing Date: TBA |

## UNITED STATES TRUSTEE'S MOTION FOR AN
## ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "U.S. Trustee") hereby moves (the "Motion") for an order dismissing the bankruptcy case of AN SM 1925 Broadway Holdings, LLC (the "Debtor"). In support of his motion, the U.S. Trustee states as follows:

### Introduction

The Debtor filed its case on December 3, 2024 by filing only a petition. Since then, other than a motion to extend the time to file its schedules, the Debtor has filed no motions, no applications to retain counsel, no supporting affidavits, and has twice failed to appear for a scheduled section 341 meeting of creditors. The Debtor has also failed to file required monthly operating reports and pay U.S. Trustee quarterly fees. Its two largest, and arguably only, creditors have obtained relief from the automatic stay. There is no reasonable likelihood of reorganization, and there are no assets for a chapter 7 trustee to administer. Therefore, the U.S. Trustee believes that cause exists to dismiss this bankruptcy case.

**Jurisdiction and Standing**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

2. Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the motion to convert and the issues raised in this objection.

**Factual Background**

4. On December 3, 2024 (the "Petition Date"), the Debtor filed this voluntary chapter 11 bankruptcy case.

5. The Debtor's only asset appears to be its interest in AN SM 1925 Broadway, LLC (the "Company"). According to its schedules, the Debtor owns 100% of the Company, and has only four creditors: GC Broadway, LLC, Bryan Gortikov, Christensen Law LLC, and Precise Construction, Inc. *See* DI 28.

6. On December 13, 2024, GC Broadway, LLC and Bryan Gortikov filed a motion for relief from the automatic stay. *See* DI 7.

7. Before the Petition Date, the Debtor, GC Broadway, LLC, and Mr. Gortikov were involved in litigation in the Delaware Court of Chancery involving a determination as to whether GC Broadway and Mr. Gortikov had properly removed the Debtor as the manager of the Company.[1]

8. The Debtor, GC Broadway, LLC, and Mr. Gortikov were also involved in prepetition litigation filed in September 2024 by the Debtor in the Superior Court of the State of California involving a request for declaratory relief to ascertain each party's rights and duties with respect to their management of the Company.[2]

9. The motion for stay relief sought an order modifying the automatic stay to permit the continuation of the Delaware Court of Chancery litigation.

10. The section 341 meeting in this case was originally set for January 7, 2025; at the request of Debtor's counsel, the U.S. Trustee continued it to January 22, 2025.

11. On January 8, 2025, the Bankruptcy Court held a hearing on the motion for relief from the automatic stay. Mr. Gortikov testified in support of the requested stay relief. The Debtor did not present a witness.

12. A representative for the Debtor failed to appear at the January 22, 2025 section 341 meeting; the U.S. Trustee continued it to January 29, 2025.

13. Also on January 22, 2025, the Bankruptcy Court gave its bench ruling on the motion to lift stay, determining that cause existed to lift the stay. On January 24, 2025, the

---

[1] GC Broadway LLC and Bryan Gortikov v. AN SM 1925 Broadway Holdings LLC, Alex Nerush and AN SM 1925 Broadway, LLC, C.A. No. 2024-1070-LWW.

[2] AN SM 1925 Broadway, LLC and Alex Nerush v. GC Broadway, LLC, Bryan Gortikov and Does 1-100, Case No. 24SMC04785.

Bankruptcy Court entered an order granting GC Broadway, LLC and Mr. Gortikov relief from the automatic stay to pursue the Delaware Court of Chancery litigation.

14. A representative for the Debtor failed to appear at the January 29, 2025 continued section 341 meeting.

15. The Debtor has not filed its required December 2024 monthly operating report

16. The Debtor has not filed an application or other request for authorization to hire counsel.

17. The Debtor appears to have no bank accounts and no source of income.

18. Dismissal is appropriate because the Debtor twice failed to appear for a section 341 meeting, has no income with which to pay expenses, and cannot propose a confirmable plan within a reasonable period of time.

## Legal Argument

### A. Dismissal is Appropriate Under 11 U.S.C. §1112(b)(4)(G) and (A)

19. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." The party moving to convert bears the burden of establishing cause. *See In Am. Cap. Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012); *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013). Section 1112(b)(4) "provides a non-exhaustive list of grounds for finding 'cause' to convert." *In Am. Cap. Equip., LLC*, 688 F.3d at 162. In the Third Circuit, one non-statutory ground for cause is that "there is not a reasonable possibility of successful reorganization within a reasonable period of time." *Id.* (citations omitted).

20.     First, section 1112(b)(4)(G) provides that a party in interest may establish cause when there is a "failure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor . . .". Here, the Debtor twice, without any cause whatsoever, failed to appear at the scheduled section 341 meeting. That, alone, is grounds for dismissal of this case.

21.     Second, section 1112(b)(4)(A) provides that a party in interest may establish cause when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". "A party seeking to demonstrate cause under § 1112(b)(4)(A) must establish both the substantial and continuing loss prong as well as the absence of reasonable likelihood of rehabilitation." *In re Grasso*, 497 B.R. at 455 (citations, alterations and internal quotation marks omitted); *accord In re Route 202 Corp.*, 37 B.R. 367, 372 (Bankr. E.D. Pa. 1984) (collecting cases). In assessing whether there is a reasonable likelihood of rehabilitation, courts in the Third Circuit analyze whether the Debtors are able to put forth a confirmable plan. *See In re Midwest Props. of Shawano, LLC*, 442 B.R. 278, 285-86 (Bankr. D. Del. 2010); *In re Ramreddy, Inc.*, 440 B.R. 103, 114 (Bankr. E.D. Pa. 2009).

22.     Because the Section 1112(b)(4) list is non-exhaustive, the Third Circuit has held that a party in interest may also establish cause by showing that "there is not a reasonable possibility of successful reorganization within a reasonable period of time" or in other words, the debtors "have been unable to propose a confirmable plan, and will be unable to do in the future." *In Am. Cap. Equip., LLC*, 688 F.3d at 162 (citations omitted); *see also Anderson v. Commonwealth Renewable Energy, Inc. (In re Commonwealth Renewable Energy, Inc.)*, 550 B.R. 279, 283 (Bankr. W.D. Pa. 2016) (explaining the reasonable possibility standard as "the debtor has no viable prospect of confirming a plan"). Thus, the reasonable likelihood of

rehabilitation element of Section 1112(b)(4)(A) and the reasonable possibility standard both require the moving party to establish that the debtor cannot put forth a confirmable plan in a reasonable amount of time.

23. "Under the interpretation of section 1112(b)(1) consistently used in bankruptcy courts, [a] negative cash flow situation alone is sufficient to establish 'continuing loss to or diminution of the estate." *Loop Corp. v. United States Trustee (In re Loop Corp.*), 379 F.3d 511, 515-16 (8th Cir. 2004). If a debtor intends to liquidate its assets rather than restore business operations, it has no reasonable likelihood of rehabilitation. *See Loop Corp.*, 379 F.3d at 516; *In re Gonic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990) (". . . with no business left to reorganize, [c]hapter 11 proceedings were not serving the purpose of rehabilitating the debtor's business); *In re The Great American Pyramid Joint Venture*, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992) (identifying the fact that debtors' business operations had "essentially ceased" justified relief under 11 U.S.C. § 1112(b)).

24. This Debtor has no employees, no current operating business, no actual cash, and no incoming cash flow. For this case to be successful, the Debtor would have to win the Delaware Court of Chancery litigation—an uncertain outcome at best. There is no prospect of incoming funds, either from a sale or otherwise, to offset any of this case's administrative costs. The estate is therefore being diminished by the accrual of fees for the Debtor's unretained counsel with no prospect of payment.

25. The reasonable likelihood of rehabilitation element of Section 1112(b)(4)(A) and the reasonable possibility standard both require the moving party to establish that the Debtor cannot put forth a confirmable plan in a reasonable amount of time. In assessing whether there is a reasonable likelihood of rehabilitation, courts in the Third Circuit analyze whether a debtor is

able to put forth a confirmable plan and whether it has sufficient funds to support a proposed plan. *See In re Midwest Props. of Shawano, LLC*, 442 B.R. at 285-86; *In re Ramreddy, Inc.*, 440 B.R. at 114. The funds to support a confirmable plan may come from "outside sources". *See In re Ramreddy*, 440 B.R. at 114. Although Section 1112(b)(4) contemplates a plan of reorganization, "a plan of arrangement providing for orderly liquidation is clearly permissible and conceptually in the best interest of creditors" and is sufficient to defeat a conversion motion. *Matter of Union Cnty. Wholesale Tobacco & Candy Co.*, 8 B.R. at 441. The reasonable possibility standard also is not limited to the debtor's ability to propose a confirmable plan of reorganization; the same standard applies when a debtor is proposing a plan of liquidation. *See In re Commonwealth Renewable Energy, Inc.*, 550 B.R. at 283 ("Cause exists for dismissal or conversion under § 1112(b) [when there is] no reasonable possibility of a successful reorganization or liquidation within a reasonable time").

26.     The Debtor has no reasonable likelihood of rehabilitation and cannot propose a confirmable plan within a reasonable period of time. The Debtor's only asset—its interest in the Company—is the subject of litigation with no immediate prospects for resolution. The Debtor has no definitive agreement with Mr. Nerush or anyone else to pay for the administrative costs of the litigation or otherwise to fund a plan. Therefore, the second component of "cause" under §1112(b)(4)(A) is met and these cases should be dismissed.

## Conclusion

27.     The U.S. Trustee submits that cause exists to dismiss this chapter 11 case. The Debtor's representative failed to appear for two scheduled section 341 meetings. The Debtor has no prospect of proposing a confirmable plan within a reasonable amount of time. The Debtor's case should thus be dismissed.

WHEREFORE, the U.S. Trustee respectfully requests that this Court issue an order dismissing this bankruptcy case and granting such other relief as this Court deems appropriate, fair, and just.

Dated: February 19, 2025
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By:    /s/ *Hannah McCollum*
       Hannah McCollum
       Trial Attorney
       United States Department of Justice
       Office of the United States Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Suite 2207
       Wilmington, DE 19801
       (202) 573-3275
       hannah.mccollum@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AN SM 1925 BROADWAY HOLDINGS, LLC, | ) | Case No. 24-12710 (BLS) |
| | ) | |
| Debtor. | ) | |

## ORDER DISMISSING CHAPTER 11 CASE

This matter having come before the Court on the U.S. Trustee's motion to dismiss the above-captioned debtor's chapter 11 case (the "Motion"), and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2) and that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing on the Motion having been provided and it appearing no other or further notice need be provided; and after consideration of any objections to the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED that the bankruptcy case of AN SM 1925 Broadway Holdings, LLC is DISMISSED.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AN SM 1925 BROADWAY HOLDINGS, LLC, | ) | Case No. 24-12710 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Objection Deadline: March 12, 2025 at 4:00 p.m.** |
| | ) | |
| | ) | Hearing Date: TBA |

**NOTICE OF UNITED STATES TRUSTEE'S MOTION FOR AN
ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

PLEASE TAKE NOTICE that on February 19, 2025, Andrew R. Vara, United States Trustee for Regions 3 and 9, filed his Motion for an Order Dismissing the Debtor's Chapter 11 Cases (the "Motion").

PLEASE TAKE FURTHER NOTICE that any response or objection to the motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **March 12, 2025**.

PLEASE TAKE FURTHER NOTICE that as the same time, you must also serve a copy of the response or objection upon the United States Trustee as follows:

Hannah McCollum, Esq.
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: February 19, 2025
      Wilmington, Delaware        Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By:    /s/ *Hannah McCollum*
        Hannah McCollum
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207
        Wilmington, DE 19801
        (202) 573-3275
        hannah.mccollum@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AN SM 1925 BROADWAY HOLDINGS, LLC, | ) | Case No. 24-12710 (BLS) |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on February 19, 2025, the *United States Trustee's Motion for an Order Dismissing Debtor's Chapter 11 Case* and this Certificate of Service were served upon the following persons through the CM/ECF system:

Kevin G. Collins on behalf of Debtor AN SM 1925 Broadway Holdings, LLC
kcollins@btlaw.com, klytle@btlaw.com

Brett D. Fallon on behalf of Interested Party GC Broadway, LLC
brett.fallon@faegredrinker.com, cathy.greer@faegredrinker.com

Brett D. Fallon on behalf of Interested Party Bryan Gortikov
brett.fallon@faegredrinker.com, cathy.greer@faegredrinker.com

Hannah J McCollum on behalf of U.S. Trustee U.S. Trustee
hannah.mccollum@usdoj.gov

U.S. Trustee
USTPRegion03.WL.ECF@USDOJ.GOV

James Van Horn on behalf of Debtor AN SM 1925 Broadway Holdings, LLC
jvanhorn@btlaw.com


Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By:  /s/ *Hannah McCollum*
(202) 573-3275
hannah.mccollum@usdoj.gov